## Berg & Co. *versus* Abbott *et al.*

1. In protesting a promissory note the notary certified that during business hours he had called at the bank and found it closed : *Held,* that this was sufficient demand to charge the endorsers.

2. The fact that the notary added that he had made demand of the book-keeper did not affect the conclusiveness of his certificate.

3. There was oral testimony in conflict with the notarial certificate that the doors of the bank were closed at the time presentment was made, yet, notwithstanding the court directed a compulsory nonsuit : *Held,* that the nonsuit was unwarranted, and the case should have gone to the jury.

November 22d 1876.  Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ.  WILLIAMS and MERCUR. JJ., absent.

Error to the Common Pleas of *Crawford county:* Of October and November Term 1876, No. 270.

Assumpsit by John Berg & Co. against William H. Abbott *et al.,* partners doing business as the Citizens' Bank.

John Berg & Co., bankers of Butler, were the holders of a promissory note made by Jenks Budlong to the order of M. H. Collins for $2500, dated June 6th 1873, and made payable at the Citizens' Bank of Titusville four months from date.  The note was endorsed by M. H. Collins, the Citizens' Bank per I. G. Jackson, cashier, and by John Berg & Co.

At maturity the note was sent for collection to the Producers' and Manufacturers' Bank of Titusville, and being unpaid was placed by them in the hands of a notary for presentment, demand and protest.  The Citizens' Bank failed, and closed its doors in September 1873.  The notary during business hours, on the 18th of October went with the note to the Citizens' Bank and found the doors closed, whereupon he made search and found L. Jackson, who had been book-keeper of the Citizens' Bank, upon whom he made demand for payment which was refused.  Of such demand and non-payment

2 NORRIS—12

the notary notified the endorsers, and this suit was brought against the parties forming the Citizens' Bank.

At the trial plaintiffs offered the note, the endorsements and the notary's certificate, and then called Isaac G. Jackson, who testified that L. Jackson had been the book-keeper of defendants, but was not a partner or teller, and was not in the employment of defendants on the 18th of October 1873; that the bank was open for business, settling, &c., until February 1874; that it failed near the end of September 1873, and there the plaintiffs rested. Thereupon the defendants moved for a nonsuit, which motion was granted by the court.

This action of the court was the error assigned.

*Roger Sherman,* for plaintiffs in error.—The notary certified that he presented the bill at the bank and found the same closed. It was a reasonable presumption in favor of the officer that there was no one there of whom to make demand. Presentment at the place of business is sufficient, and if the doors are found closed further search is unnecessary: Bank *v.* Hunt, 2 Hill 625: Wiseman *v.* Chiappella, 23 Howard 368; Byles on Bills, 5 Am. ed., p. 330, star p. 197.

Unless contradicted the notarial certificate was conclusive upon defendants: Bennett *v.* Young, 6 Harris 261; Jenks *v.* Doylestown Bank, 4 W. & S. 505; Brittain *v.* Doylestown Bank, 5 Id. 87.

*Guthrie & Byles,* for defendants in error.—The notarial certificate cannot avail against positive testimony: Sherer *v.* Easton Bank, 9 Casey 134.

Mr. Justice GORDON delivered the opinion of the court January 2d 1877.

The note in suit was drawn by Jenks Budlong, payable to the order of M. H. Collins, at the Citizens' Bank of Titusville. It was endorsed by Collins to the Citizens' Bank, and by the bank to the plaintiffs. When due, it was protested for non-payment; the notary certifying, *inter alia,* that he had, during business hours, presented the said promissory note at the Citizens' Bank, and found it closed, and that he had duly notified the endorsers. This was a sufficient demand to charge the endorsers. It was held in Bumgardner *v.* Reeves, 11 Casey 250, that a visit to the maker's place of business, for the purpose of making presentment, and finding it closed, is equivalent to an actual presentment and demand, and that a notarial certificate setting forth such facts might be given in evidence to sustain a *narr.* averring actual presentment and demand. When a note is made payable at a particular place, a personal demand is unnecessary: Byles on Bills, 5th Am. ed. 342–3, note. And it would seem, from the same authority (note to page 346),

[Berg & Co. v. Abbott.]

that if a note is made payable at a particular bank, and such bank before maturity, ceases to exist, a demand, in order to hold an endorser, is excused. In like manner it was considered that demand made at the office of an acceptor of a bill, though closed, was sufficient: Wiseman v. Chiappella, 23 How. 366. That the notary, after finding the bank closed, supplemented the matter by demand on one having no connection with or interest in the transaction, is of no significance; it did neither good nor harm, and may be regarded as surplusage. If the oral testimony was in any degree in conflict with the notarial certificate, as to the fact of the bank being closed at the time of the presentation, the only effect thereof was to carry the case to the jury, but it did not warrant a compulsory nonsuit.

Judgment reversed, and a <em>procedendo</em> awarded.